UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

LUCY ESPINAL,

               Plaintiff,

-against-

1199SEIU UNITED HEALTHCARE WORKERS
EAST, LENOX HILL HOSPITAL
and NORTH SHORE – LONG ISLAND JEWISH
HEALTH SYSTEMS, INC.

               Defendants.
----------------------------------------------------------------X

Civ. Action No.:
ECF Case

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED MAY 21 2013 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. Plaintiff Lucy Espinal ("Espinal") brings this action against her former employer, Lenox Hill Hospital and North Shore – Long Island Jewish Health Systems, Inc., and her union, 1199SEIU United Healthcare Workers East ("1199SEIU"). Espinal seeks to redress the actions taken by her former employer, including but not limited to the suspension and termination of her employment, that breached the collective bargaining agreement between it and 1199SEIU, and the actions taken by 1199SEIU, including but not limited to its failure to grieve or arbitrate the suspension and termination of her employment, that breached the duty of fair representation that it owed to Espinal.

## PARTIES

2. Espinal is an individual who at all times relevant to this Complaint resided in the Bronx, New York.

3. Lenox Hill Hospital is a New York Corporation, with a principal place of business located at 100 East 77th Street, New York, NY 10075. Lenox Hill Hospital currently does business in the State of New York.

4. North Shore – Long Island Jewish Health Systems, Inc. is a New York Corporation, with a principal place of business located at 1111 Marcus Avenue, Lake Success, New York 11042. North Shore – Long Island Jewish Health Systems, Inc. currently does business in the State of New York.

5. At all times relevant to the Complaint, Espinal worked for Defendants, Lenox Hill Hospital and North Shore – Long Island Jewish Health Systems, Inc. (collectively referred to throughout the remainder of this Complaint as "Lenox Hill Hospital"), as a Housekeeper in the Building Services Department of Lenox Hill Hospital. At all times relevant to the Complaint, Espinal worked at Lenox Hill Hospital's Manhattan Eye, Ear & Throat Institute, located at 210 East 64th Street, New York, NY 10021.

6. 1199SEIU is an unincorporated association that operates as a labor organization, representing individuals employed in the healthcare industry. 1199SEIU conducts business in the State of New York, with a principal place of business located at 310 West 43rd Street, New York, NY 10036. At all times relevant to the Complaint, Espinal was a member of 1199SEIU.

## JURISDICTION

7. The United States District Court for the Southern District of New York has subject matter jurisdiction over this suit based on the existence of federal question jurisdiction pursuant to 28 U.S.C. § 1331, due to the claims Espinal has asserted against Lenox Hill Hospital, and pursuant to § 301 of the Labor Management Relations Act, due to the claims Espinal has asserted against 1199SEIU. *See* 29 U.S.C. § 185.

## FACTUAL BACKGROUND

8. On January 22, 2007, 1199SEIU and Lenox Hill Hospital, through its agent the League of Voluntary Hospitals and Homes of New York ("the League of Voluntary Hospitals"), entered into a Collective Bargaining Agreement, with effective dates of July 1, 2007 to September 30, 2011 ("the Agreement"). On July 19, 2009, 1199SEIU and Lenox Hill Hospital, through its agent the League of Voluntary Hospitals, agreed to extend the term of collective bargaining agreement through April 30, 2015.

9. As a member of 1199SEIU and employee of Lenox Hill Hospital, the terms and conditions of Espinal's employment with Lenox Hill Hospital were governed by the Agreement.

10. Article XXIX of the Agreement is entitled "Discharge and Penalties." It addresses the circumstances under which Lenox Hill Hospital is permitted to suspend and discharge an employee covered by the Agreement and the procedure it must follow in suspending or discharging that employee.

11. Article XXIX limits Lenox Hill Hospital's right to suspend or discharge employees covered by the Agreement to situations where cause exists. In addition, Article XXIX requires Lenox Hill Hospital to provide 1199SEIU with written notice of the suspension or discharge within 48 hours of the disciplinary action.

12. Article XXIX also addresses 1199SEIU's right to contest a suspension or discharge through the Agreement's grievance procedure. It states in relevant part:

> If the Union desires to contest the discharge or suspension, it shall give written notice thereof to the Employer within five (5) working days, but no later than ten (10) working days from the date of receipt of notice of discharge or suspension. In such event, the dispute shall be submitted and determined under the grievance and arbitration procedure hereinafter set forth, however commencing at Step 3 of the grievance machinery.

3

13.   Article XXXI of the Agreement addresses the grievance procedure. As to Step 3 of the grievance procedure, it states in relevant part:

> A grievance at this step will be presented in writing to the Personnel Director or Administrator of the Employer, or his/her designee. A grievance meeting will be scheduled for a mutually agreeable date and time during normal business hours promptly following the receipt by either party of a written request by the other for such grievance meeting as follows:
>
> (a) for disciplinary grievances involving discharges or suspensions within fifteen (15) working days; (b) for other grievances twenty-five (25) working days.

14.   Article XXXI further provides that Lenox Hill Hospital is required to "render its written decision within five (5) days after the third step grievance meeting; in no event will its written decision be rendered more than ten (10) days following such meeting."

15.   Espinal began her most recent term of employment with Lenox Hill Hospital on October 25, 2010. Espinal had an exemplary employment record. Indeed, between October 25, 2010 and April 19, 2012, no disciplinary action was taken against her by Lenox Hill Hospital.

16.   In April 2012, Espinal was arrested with her uncle in Manhattan, New York.

17.   On April 20, 2012, Espinal was called into a meeting by Lenox Hill Hospital personnel. In addition to Espinal, the meeting attendees included a representative of 1199SEIU and several Lenox Hill Hospital personnel, including the chief of security and a hospital security guard. Upon her arrival, Lenox Hill Hospital informed Espinal that her employment was being suspended effective that day for Lenox Hill Hospital to conduct an "investigation." Lenox Hill Hospital did not provide any explanation for her suspension beyond this its alleged need to conduct an investigation.

18.   Espinal concluded at this meeting that the true reason behind her suspension was her arrest. Lenox Hill Hospital's decision came as a total surprise to Espinal, as she had not

4

revealed her arrest to Lenox Hill Hospital's management nor had management informed her that it had any knowledge of her arrest. Lenox Hill Hospital also did not provide Espinal with any opportunity to explain her version of what led to her arrest during this meeting.

19. Immediately following this meeting, Espinal was promptly escorted out of the Hospital facility by Lenox Hill Hospital's chief of security and a security guard, and the 1199SEIU representative, in plain view of Espinal's coworkers, and Hospital patients and visitors. Lenox Hill Hospital's conduct caused and continues to cause Espinal embarrassment, humiliation, mental anguish and emotional distress. In addition, Espinal has suffered from depression and sleeplessness as a result of Lenox Hill Hospital's conduct.

20. Following her suspension, Espinal was never provided with written notice of the decision to suspend her employment that Lenox Hill Hospital was required to issue pursuant to Article XXIX of the Agreement. Upon information and belief, Lenox Hill Hospital never provided 1199SEIU with this suspension notice in violation of the Article XXIX of the Agreement.

21. Upon information and belief, 1199SEIU did not grieve the suspension of Espinal's employment or grieve Lenox Hill Hospital's failure to provide required written notice of suspension, as provided for in Article XXIX of the Agreement. 1199SEIU's failure to pursue grievances was arbitrary, discriminatory or constituted bad faith conduct.

22. In late April 2012, Espinal inquired with Emily Weisenbach, Lenox Hill Hospital's Employee & Labor Relations Manager, about receiving documentation of her suspension to use in order to obtain unemployment insurance benefits. Weisenbach denied Espinal's request and refused to provide her with this documentation.

23. Espinal's suspension lasted from April 20, 2012 to June 26, 2012. During this time period, Lenox Hill Hospital failed to pay Espinal salary nor did it provide Espinal with any prior notice that her suspension would be without pay.

24. On June 19, 2012, Lenox Hill Hospital scheduled a meeting with Espinal and 1199SEIU to discuss the status of Espinal's employment. Prior to the meeting, Espinal personally inquired with 1199SEIU about having her attorney attend the meeting and her attorney also inquired with 1199SEIU about this possibility directly. 1199SEIU refused to allow Espinal to have legal counsel present for this meeting. As a result, Espinal attended the meeting with Lenox Hill Hospital and 1199SEIU alone.

25. In late June or early July 2012, Espinal received a letter from Lenox Hill Hospital, dated June 26, 2012, stating that Lenox Hill Hospital had decided to terminate her employment effective immediately.

26. In this letter, Lenox Hill Hospital claimed that Espinal's suspension "was based on multiple charges of theft against you." In addition, Lenox Hill Hospital also claimed that it had decided to terminate Espinal's employment because she had been "unable to demonstrate that the charges against you were false and/or that they do not impact [her] job functions at LHH./NSLIJ."

27. However, upon information and belief, other employees at Lenox Hill Hospital have been arrested while employed by Lenox Hill Hospital. Lenox Hill Hospital has known about these employees being arrested, but has neither suspended nor terminated the employment of these other arrested employees.

28. Immediately following her receipt of the June 26, 2012 letter, Espinal called Winslow Luna, 1199 SEIU's Vice President, to inquire about grieving and arbitrating Lenox Hill

Hospital's decision to terminate her employment. During this call, Espinal inquired about hiring her own private attorney to arbitrate the termination decision. However, Luna guaranteed Espinal that 1199SEIU would grieve and arbitrate the termination of her employment and that she would not need to hire her own attorney.

29. Espinal relied on Luna's representation that 1199SEIU would grieve and arbitrate the decision to terminate her employment to her detriment and did not seek to hire legal counsel to arbitrate Lenox Hill Hospital's decision to terminate her employment.

30. In late November 2012, Espinal received a letter from Luna, dated November 21, 2012. In the letter, Luna reported that Lenox Hill Hospital had already "denied [her] grievance at the Third Step." Luna further reported that 1199SEIU had now decided that it would not arbitrate the decision to terminate her employment. *See* Exhibit A.

31. In his letter, Luna provided no indication as to when this alleged Third Step grievance meeting occurred. Nor did 1199SEIU provide Espinal with any prior notice that a Third Step grievance meeting had been scheduled, following Espinal's and Luna's June 26, 2012 phone conversation.

32. 1199SEIU either failed to grieve Espinal's termination or failed to inform Espinal that the Third Step grievance meeting had been scheduled to address her termination so that she could attend. Regardless of which occurred, 1199SEIU's actions in its handling of the grievance of Espinal's termination was arbitrary, discriminatory or conducted in bad faith.

33. Further, 1199SEIU's refusal to arbitrate Espinal's termination, after Luna promised and assured Espinal that 1199SEIU would do so, also was arbitrary, discriminatory or constituted bad faith conduct.

7

## FIRST COUNT
## BREACH OF CONTRACT
**(As to Lenox Hill Hospital and North Shore – Long Island Jewish Health Systems, Inc.)**

34. Espinal repeats and realleges the allegations in Paragraphs 1 to 33 as though fully set forth herein.

35. The Agreement between Lenox Hill Hospital and 1199SEIU constituted a binding and enforceable contract.

36. Under Article XXIX of the Agreement, Lenox Hill Hospital was required to have "cause" to suspend Espinal's employment or to terminate Espinal's employment.

37. Lenox Hill Hospital's reasons for suspending and terminating Espinal's employment fail to satisfy the standard for cause.

38. Lenox Hill Hospital, through its agents, servants or employees, suspended Espinal's employment on April 20, 2012 without cause and, thereby, breached the Agreement between Lenox Hill Hospital and 1199SEIU.

39. Lenox Hill Hospital, through its agents, servants or employees, terminated Espinal's employment on July 26, 2012 without cause and, thereby, breached the Agreement between Lenox Hill Hospital and 1199SEIU.

40. Under Article XXIX of the Agreement, Lenox Hill Hospital was required to provide 1199SEIU with written notice of a suspension within 48 hours of taking that disciplinary action.

41. Upon information and belief, Lenox Hill Hospital did not provide 1199SEIU with written notice of Espinal's suspension within 48 hours and, thereby, breached the Agreement between Lenox Hill Hospital and 1199SEIU.

42. As a result of Lenox Hill Hospital's conduct, Espinal has suffered damages, including but not limited to, lost wages, lost pension, health care and other employment benefits, embarrassment, humiliation, severe emotional distress and mental anguish, and the loss of enjoyment of life.

43. In addition, as a result of Lenox Hill Hospital's conduct, Espinal has been forced to incur legal fees and costs to obtain the rights to which she is entitled.

## SECOND COUNT
## BREACH OF THE DUTY OF FAIR REPRESENTATION
### (As to 1199SEIU United Healthcare Workers East)

44. Espinal repeats and realleges the allegations in Paragraphs 1 to 43 as though fully set forth herein.

45. 1199SEIU's conduct in representing Espinal, as set forth above, was arbitrary, discriminatory and performed in bad faith.

46. 1199SEIU's conduct as set forth above constituted a breach of the duty of fair representation that 1199SEIU owed to Espinal as a member of that labor organization.

47. As a result of 1199SEIU's conduct, Espinal has suffered damages, including but not limited to, lost wages, lost pension, health care and other employment benefits, embarrassment, humiliation, severe emotional distress and mental anguish, and the loss of enjoyment of life.

48. In addition, as a result of 1199SEIU's conduct, Espinal has been forced to incur legal fees and costs to obtain the rights to which she is entitled.

## JURY DEMAND

49. Espinal demands a trial by jury of all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Espinal respectfully prays that this Court enter judgment awarding Espinal:

1. Economic damages, including but not limited to, lost wages, front pay, and lost pension, health care and other benefits, with interest.

2. Non-economic damages, including but not limited to damages for the embarrassment, humiliation, severe emotional distress and mental anguish, and the loss of enjoyment of life that Espinal has suffered as a result of Defendants' conduct.

3. An award of attorneys' fees and costs, expenses and disbursements associated with the prosecution of this litigation.

4. An Order of this Court for the reinstatement of Espinal to the position she previously held with full seniority, fringe benefits and other remunerations she would have enjoyed had her employment not been wrongfully suspended and terminated.

5. For such other relief as this Court deems necessary and proper.

Dated: New York, New York
May 21, 2013

PLAINTIFF
LUCY ESPINAL

_____
Gabriel L. Williams, Esq. (Bar No. GW 0130)
The Law Office of Gabriel Williams, LLC
1221 Avenue of the Americas
Suite 4200
New York, NY 10020
Tele: (917) 525-2683
Email: gabriel.williams@gabrielwilliamslaw.com

ATTORNEYS FOR PLAINTIFF